## Ley *against* The Union Canal.

An entry of judgment *nunc pro tunc* is not of right but of favour. It rests in discretion, and its propriety cannot be inquired into upon error.

A party seeking to avoid the consequence of delay, by asking for a judgment *nunc pro tunc*, must not have consented or contributed to such delay.

WRIT of error to the quarter sessions of *Lebanon* county.

This was a proceeding instituted upon the petition of Christian Ley to recover damages from the Union Canal Company in which the following facts appeared:

An inquisition, by which damages were assessed, was returned November sessions 1827. Defendants filed exceptions to the whole proceedings. Plaintiffs filed exceptions to the inquisition. The case of Adam Bassler *v.* same defendants, returned at same sessions, was excepted to by defendants also. It was agreed that the case of Christian Ley should depend on the decision of certain exceptions to the proceedings in Bassler's case. The court of quarter sessions of Lebanon county being of opinion it had not jurisdiction of the case, made an order dismissing the case of Bassler. The case was removed by *certiorari* to the supreme court, where the order of the sessions was quashed, and record remitted with directions to the sessions to proceed in the cause. In the mean time, whilst Bassler's case was depending in the supreme court, viz., in October 1832, Christian Ley, the plaintiff in this case, died. The sessions made an order dismissing Bassler's case for want of jurisdiction, in January 1831. It was removed to the supreme court by *certiorari* to May term 1831, and in July 1834, the supreme court quashed the order of sessions and remitted the record to the court below for confirmation.

After this, Ley's administrators moved the court of quarter sessions to enter judgment on the inquisition *nunc pro tunc*, neither

[*Ley v. The Union Canal.*]

party insisting further on the exceptions that had been filed. The motion for judgment *nunc pro tunc* was resisted on the ground that plaintiff had himself arrested, by his exceptions, further proceedings in the cause.

To this it was answered that defendants had been in the occupancy of plaintiff's lands so far as they had appropriated them for their canal, for which the damages were claimed during the whole time the proceedings were suspended, and from the commencement of the proceedings till the present time. That the case had an analogy to the case of the sale of land, where the purchaser takes possession and receives the profits. The occupancy was not denied, but its analogy to the case of an ordinary purchase of land, where purchaser takes possession and enjoys the profits, was denied. This is alleged to be a case in which the plaintiff asked the court by the exercise of its equitable powers, to relieve him from the consequences of his own act. The court (Blythe, President) refused to enter judgment *nunc pro tunc*, because the plaintiff's exceptions to the inquisition were not withdrawn until they moved for judgment *nunc pro tunc*, and the court, therefore, entered judgment, as of the time of confirmation.

Error assigned.

The court of quarter sessions erred in not entering judgment on the inquisition and proceedings *nunc pro tunc*.

*Elder*, for plaintiff in error, cited *Sug. Vend.* 319; Jones *v.* Ringold, 1 *Yeates* 480.

*Weidman*, contra, cited 1 *Har. Dig.* 1362; 2 *Vez. Jun.* 157, 164; 2 *Fend. Eq.* 439; 1 *Penns. Blac.* 244; *Arch. Pr.* 264; 2 *Caine's Cas.* 48.

PER CURIAM.—Entry of judgment *nunc pro tunc*, is not of right but of favour. It rests in discretion, influenced, in its exercise, by peculiarity of circumstances; and its propriety is not, therefore, to be inquired into by writ of error. It might be otherwise by appeal, were that form of removal provided. But even had we the power of the lower court, the case is not one for the exercise of it. A party seeking to avoid the consequences of delay, must not appear to have consented, much less contributed, to its production; and here judgment was suspended by exceptions on both sides, of which the procrastination attempted to be charged exclusively on the defendant, was an inevitable consequence. The equity, on which the plaintiff insists, from the intermediate use of the land, is counterbalanced by his rejection of lawful and just compensation; from which it is evident that if he had not the intermediate use of the money, it was partly the consequence of his own act.

Judgment affirmed.